IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN L. TSOURIS,                                         Civil Action No.

          Plaintiff,

v.

THE SHAW GROUP, INC., and
SHAW ENVIRONMENTAL, INC.,

          Defendants.                              JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff John L. Tsouris, by undersigned counsel, files this civil complaint.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b); 28 U.S.C. §§1331 and 1337.

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that Defendant is found to be in, and this action arises out of events that occurred in, Allegheny County.

### III. The Parties

3. Plaintiff, John L. Tsouris, currently resides at 523 Spring Haven Drive, Randleman, North Carolina, 27317. At all times relevant hereto, he was employed by Defendant as a field service technician at Defendant's Monroeville, Pennsylvania location.

4. Defendant, The Shaw Group, Inc., ("Shaw Group") is a provider of engineering, consulting, procurement, pipe fabrication, construction, and maintenance services to the power and process industries. Defendant conducted business

throughout the world, including its site at 2790 Mosside Boulevard, Monroeville, PA 15146-2792.

5. Defendant, Shaw Environmental, Inc., ("Shaw Environmental") is a wholly-owned subsidiary and/or division of Defendant, Shaw Group, and is registered to conduct business in the Commonwealth of Pennsylvania, with a registered address of c/o C.T. Corporation System, 1515 Market Street, #1210, Philadelphia, PA 19102.

### IV.  Facts

6. Plaintiff began working for Defendants' predecessor, Environmental Systems Corporation ("ESC"), on April 7, 2003 as a field service technician.

7. In December 2005, Shaw Environmental purchased ESC.

8. On January 16, 2006, Plaintiff was laid off by ESC but was offered a job with Defendants, Shaw Environmental and Shaw Group (collectively "Defendants").

9. At all times relevant to this action, Defendants classified Plaintiff as hourly-exempt, even though he was non-exempt and worked a substantial number of overtime hours.

10. At all times relevant to this action, Defendants engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(I), 203(j), 206(a), and 207(a).

11. While employed by Defendants, Plaintiff was paid a fixed hourly rate and frequently worked in excess of forty (40) hours per work week.  Defendants never paid Plaintiff at a rate of one and one-half (1½) times his regular hourly rate for such overtime hours.

12. Plaintiff questioned his classification as "overtime ineligible" and "hourly-exempt," and repeatedly expressed his conviction that he was a non-exempt employee entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, to management and human resources personnel.

13. Despite being put on notice of its overtime obligations, Defendants did nothing to correct or remedy its violations.

14. In 2007, Charles Jones became as Department Manager.

15. Plaintiff addressed his concerns about the overtime issue with Mr. Jones during an August 10, 2007 conversation.

16. After the August 10, 2007 conversation where Plaintiff expressed concerns with the overtime pay, he began to receive pressure on his schedule inquiries and in September 2007, he received a reprimand for refusing a work assignment.

17. On October 8, 2007, Plaintiff brought the overtime issue to the attention of Defendants' human resources department, sending a letter requesting that Defendants investigate his concern.

18. From October 2007 through December 2007, Defendants started to scrutinize Plaintiff regarding his work and refused to reimburse him for certain travel expenses.

19. On December 25, 2007, Defendants terminated Plaintiff in retaliation for his complaints about Defendants' violation of the FLSA.

## Count I
## Fair Labor Standards Act – Retaliation
## 29 U.S.C. §215(a)(3)

20.     During his employment, Plaintiff made numerous complaints to Defendants regarding its failure to pay Plaintiff one and one half of his normal wages for overtime, or to provide one and one half time for compensatory time.

21.     As a result of his complaints, Defendants retaliated against Plaintiff, refusing to compensate him for travel expenses, unfairly scrutinizing his work and eventually terminating him.

22.     Defendants' conduct was retaliation in violation of the FLSA, 29 U.S.C. §215(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendants and the following legal and equitable remedies:

    a.    Defendants be ordered to employ and re-employ Plaintiff in the position from which he was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

    b.    Defendants be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendants' illegal treatment of Plaintiff, with interest at the prevailing rate until the date Plaintiff is offered re-employment in a position substantially equivalent to the one Plaintiff occupied prior to December 25, 2007;

    c.    Defendants be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401k and profit sharing, which was denied or lost to Plaintiff as a result of Defendants' illegal treatment of Plaintiff;

    d.    That a final judgment in favor of Plaintiff and against Defendants be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. §216(b), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Plaintiff be awarded against Defendants the costs and expenses of this litigation and a reasonable attorney's fee;

g. That Defendants be enjoined from discriminating against Plaintiff in any manner that violates the FLSA; and

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:
/s/ *Colleen Ramage Johnston*
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

**Rothman Gordon, PC**
310 Grant Street, Third Floor
Pittsburgh, PA  15219
(412) 338-1131 – phone
(412) 246-1731 – fax
CRJohnston@rothmangordon.com
NVLykos@rothmangordon.com

Attorneys for Plaintiff

ND: 4842-5470-6179, v.  1 | 60342-001